NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL H., | |
| Petitioner, | Civ. Action No. 17-0866 (CCC) |
| v. | |
| | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Manuel H. (ECF No. 1.) Petitioner is challenging his detention by immigration officials during the pendency of his removal proceedings. Petitioner argues that his indefinite detention is unconstitutional. Petitioner has also filed various motions in support of his Petition. (*See* ECF Nos. 22, 28, 29.) For the following reasons, the Petition is denied.

## I. BACKGROUND

The following facts are taken from the Third Circuit's decision remanding Petitioner's withholding of removal claim to the Board of Immigration Appeals ("BIA"):

> [Petitioner, a native and citizen of El Salvador] arrived in the United States in 1999. In 2001, he was ordered removed from the United States because he failed to appear in Immigration Court. Later, [Petitioner] pleaded guilty to giving false information. He came to the attention of immigration authorities after he was arrested for violating the terms of his probation. In 2006, [Petitioner] was removed from the United States. He returned to the United States most recently in 2015. In 2016, [Petitioner] was arrested for possession of marijuana and providing false information. [He was taken into custody by Immigration and Customs Enforcement on or

> about June 14, 2016.] The Government reinstated [Petitioner's] prior removal order pursuant to 8 U.S.C. § 1231(a)(5). He sought withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture (CAT). *See* 8 C.F.R. §§ 1241.8(e), 1208.31(e) (providing that an alien whose prior order of removal has been reinstated may seek withholding of removal based on a reasonable fear of persecution or torture). In his application, [Petitioner] alleged that he would be physically harmed or killed if removed to El Salvador because he formerly was a member of the MS-13 gang and because the gang believes that he cooperated with the FBI.
>
> An Immigration Judge denied relief and [Petitioner] appealed. The BIA dismissed the appeal. With respect to withholding under § 1231(b)(3), the Board concluded that "former gang members" was not a cognizable social group and that, even if it was, [Petitioner] failed to establish that his membership in that group was a central reason for the harm alleged. As to CAT protection, the BIA stated, inter alia, that [Petitioner's] fear "that he could be tortured by MS-13 gang members and, in turn, a public official would consent, acquiesce, or be willfully blind to such harm" was "based upon a speculative chain of events.

*Hernandez v. Attorney Gen. United States*, 712 F. App'x 206, 207–08 (3d Cir. 2017). The Third Circuit denied the application with respect to Petitioner's CAT claim, but remanded to the BIA on Petitioner's withholding of removal claim for further explanation of its social group determination. *Id.* The BIA subsequently remanded the matter to an immigration judge. On November 27, 2018, the immigration judge denied Petitioner's application for withholding of removal, finding Petitioner did not demonstrate that he was a member of a protected social group, as a "former gang member." (*See* Petr's Suppl. Resp., ECF No. 29 at 3.)[1]

Concurrent with the above proceedings, Petitioner filed his Petition arguing that his detention is unlawful. (ECF No. 1.) On October 24, 2018, Petitioner was given a bond hearing

---

[1] The Third Circuit's remand Order and the subsequent proceedings before the immigration court occurred after Petitioner filed his habeas Petition.

2

pursuant to *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018). (ECF No. 25 at 1.) Bond was denied based on the immigration judge's determination that Petitioner posed a flight risk and danger to the community. (ECF No. 25 at 3.) Following the denial of bond, this Court ordered supplemental briefing on whether Petitioner's bond hearing complied with *Guerrero-Sanchez*, and whether Petitioner could raise a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 26.) Respondent filed a response (ECF No. 27) and Petitioner filed a support brief in response. (ECF No. 28.)

## II. ANALYSIS[2]

### 1. *Guerrero-Sanchez*

Respondent argues that the bond hearing complied with the clear and convincing standard under *Guerrero-Sanchez*. (ECF No. 27.) Petitioner avers that the bond hearing "fail[ed] to present clear and convince[ing] evidence that [he] ever participate[d] in any gang activities." (ECF No. 28 at 26.) He explains that the government presented an MS-13 gang country report, which had no links to Petitioner, and the government failed to present any state or federal records linking Petitioner to MS-13. (*Id.* at 8.)

In *Guerrero-Sanchez*, the Third Circuit held that "'an alien facing prolonged detention under [8 U.S.C. § 1231(a)(6)] is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community.'" 905 F.3d at 224 (3d Cir. 2018) (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011)). The Court there explained, that "[t]he

---

[2] The Court considers the arguments made in Petitioner's various motions to support his Petition. (ECF Nos. 22, 28, 29.)

3

Government must meet its burden in such bond hearings by clear and convincing evidence." *Guerrero-Sanchez*, 905 F.3d at 224 n.12.

Respondent provides a copy of the immigration judge's written decision denying bond. (ECF No. 27 at 12–15.) In that decision, the immigration judge referenced the appropriate standard under *Guerrero-Sanchez*, finding that "DHS . . . met its burden of establishing that Respondent is a danger to the community by clear and convincing evidence." (*Id.* at 14.) The judge noted, among other things, that the Government presented evidence of Petitioner's gang ties and criminal history. (*Id.*) The judge also referenced Petitioner's own admission to being part of MS-13. (*Id.*)

In light of these facts, Petitioner fails to persuade the Court that his bond hearing was defective under *Guerrero-Sanchez* or otherwise unconstitutional. The majority of Petitioner's allegations consist of conclusory statements, *i.e.*, that the hearing was defective. His only substantive argument is that the Government presented insufficient evidence to establish gang ties. However, Petitioner provides no evidence to support his assertion. In essence, Petitioner asks this Court to make an extraordinary finding that his bond hearing was so defective as to rise to an error of constitutional proportion, or otherwise violative of *Guerrero-Sanchez*. Without more, Petitioner's challenge constitutes a substantive disagreement with the immigration court's denial of bond, a decision that this Court lacks jurisdiction to review. *See* 8 U.S.C. § 1226(e) (No court may set aside "[t]he Attorney General's discretionary judgment [in] any action or decision . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole"). For these reasons, Petitioner's claim under *Guerrero-Sanchez* is denied without prejudice.

## 2. *Zadvydas v. Davis*

Petitioner, citing to *Zadvydas*, states that "there is no likelihood that the Petitioner will be removed in the reasonably foreseeable future[.]" (ECF No. 28 at 7.) Respondent maintains that *Guerrero-Sanchez* foreclosed any argument relating to foreseeability of removal under *Zadvydas*, where a detainee is seeking withholding of removal. (ECF No. 27 at 7.)

In *Zadvydas*, the Supreme Court held that the government must "limit[ ] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *See id.* at 701. The Supreme Court also held that the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Petitioner provides no evidence in support of his assertion that there is no significant likelihood of his removal in the reasonably foreseeable future. In fact, Petitioner has previously been removed, on two occasions. (*See* ECF No. 10-1 at 3.) While the Court notes the considerable

5

length of Petitioner's detention, without any facts or evidence beyond conclusory allegations to support his *Zadvydas* claim, relief is denied on this ground.

3. Withholding of Removal

Petitioner appears to raise an additional claim in his Motion to Request Judgment. (ECF No. 29.) He states that the immigration judge's decision denying his withholding of removal application after the remand from the Third Circuit, was improper. (*Id.* at 3.) Petitioner states that the "Immigration Judge . . . abused her authority, her position, discretion, powers and also appl[ied]the incorrect and wrong standards of law by denying him his request of protection in the form of Withholding[.]" (*Id.*)

This Court lacks jurisdiction to review the immigration judge's determination. The REAL ID Act, adopted by Congress in 2005, restricted the jurisdiction of district courts to grant relief to petitioners challenging orders of removal or actions related to such orders through habeas petitions. *See* 8 U.S.C. § 1252. Section 1252(a)(5) provides: "[n]otwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Section 1252(b)(9) similarly strips federal courts of jurisdiction to review challenges to an order of removal. Here, because Petitioner has a final order of removal in place, the REAL ID Act bars this Court from reviewing his claim.

To the extent Petitioner attempts to argue that his claim is not barred by the REAL ID Act, Petitioner's claim is unexhausted. Immigration detainees seeking habeas corpus relief must administratively exhaust their claims before seeking relief through a petition for habeas corpus. *See Doe v. Rodriguez*, No. 17-1709, 2018 WL 620898, at *4 (D.N.J. Jan. 29, 2018) ("'[E]ven when

an alien is attempting to prevent ... [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] ..., it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies' including both removal proceedings and an appeal to the Board of Immigration Appeals.") (citing *Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003)) (citation and quotation marks omitted). Here, there is nothing to indicate that Petitioner's withholding of removal claim, after the remand, has been administratively exhausted. Petitioner has yet to present his claim to the BIA. For these reasons, this Court lacks jurisdiction to review Petitioner's withholding claim.

### III. CONCLUSION

For the reasons stated above, the Petition for habeas relief (ECF No. 1) is denied without prejudice. The motions in support of the Petition (ECF Nos. 22, 28), are granted insofar as the Court has considered the arguments raised therein. The motion to request judgment (ECF No. 29), is granted to the extent Petitioner asks this Court to review the arguments raised therein, but is denied to the extent Petitioner seeks judgment in his favor. An appropriate order follows.

Date: June 28, 2019

Claire C. Cecchi, U.S.D.J.